**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

**UNITED STATES**                                                    **PLAINTIFF/RESPONDENT**


**V.**                                          **No.  2:13-cv-02161**
                                                 **No.  2:11-cr-20061**

**DUBLAS ANTONIO DUBON-MORALES**                      **DEFENDANT/PETITIONER**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence

Pursuant to 28 U.S.C. Section 2255 (ECF No. 26) filed June 24, 2013.  The United States of

America filed a Response (ECF No. 30) on July 17, 2013.  The Petitioner filed a Reply (ECF No.

31) on August 19, 2013 and the matter is ready for Report and Recommendation.

**I.  Background**

On December 13, 2011, Dublas Antonio Dubon-Morales ("Dubon-Morales") was

indicted on a three-count Indictment. (ECF No. 1). Count One charged Dubon-Morales with

distributing methamphetamine on or about October 13, 2011, Count Two charged him with

distributing over 5 grams of methamphetamine on or about October 18, 2011, and Count Three

charged Dubon-Morales with distributing over 5 grams of methamphetamine on or about

November 3, 2011.

On March 16, 2012, Dubon-Morales appeared with counsel,  Rex W. Chonister, and pled

guilty to Count Three of the Indictment. (ECF No. 16). In the plea agreement, the United States

agreed to dismiss Counts One and Two on the Court's acceptance of the Plea Agreement. (ECF

No.17, ¶ 1).

-1-

A Presentence Investigation Report (PSR) was prepared on May 17, 2012. The PSR set forth a base offense level of 32 on account of the drug quantities involved. (PSR, ¶ 22). Dubon-Morales received a two-level reduction for safety-valve relief, as well as a three-level reduction for acceptance of responsibility. (PSR, ¶¶ 23, 29-30). Based on the reductions to his base offense level, Dubon-Morales' total offense level was determined to be 27. (PSR, ¶ 31). Dubon-Morales had zero criminal history points which placed established his criminal history category as I. (PSR, ¶ 35). Thus, based on a total offense level of 27 and a criminal history category of I, Dubon-Morales' guideline imprisonment range was 70 - 87 months imprisonment. (PSR, ¶ 48). Neither the United States nor Dubon-Morales had any objections to the PSR. (Add. To PSR).

Dubon-Morales appeared with counsel, Rex W. Chronister, for sentencing on July 26, 2012. (ECF No. 20). The Court sentenced Dubon-Morales on Count Three to 70 months imprisonment, 2 years supervised release, and a $100 special assessment. (ECF No. 22).

On June 24, 2013, Dubon-Morales filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") (ECF No. 26) claiming his counsel was ineffective (Ground One) for; 1) failure to investigate (ECF No. 29, p. 3); 2) Failure to file pretrial motion and discovery (Id.), 3); and (Ground Two) for Failure to file an appeal. (Id., p. 8). The Defendant also contends that the Court erred in its sentencing by failing to grant a "two-or-four point reduction under 3B1.2 of the guidelines, because according to petitioner, he was only a minimal or minor participant". (Id., p. 10).

## II.  Discussion

## A.  Ineffective Assistance of Counsel.

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255.  *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v. Wyrick,*  642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v  Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

### 1. Failure to Investigate

The record contradicts Dubon-Morales' allegation that counsel failed to request discovery. The record, in this case, shows Mr. Chronister filed his request for discovery on November 27, 2011 (ECF No. 12) and the Government responded and acknowledged their obligation to supply discovery material. (ECF No. 13). The Defendant has only stated conclusory

-4-

statements and recited nothing "specific" that he believes his attorney could have discovered that would have had a beneficial impact on his case.  Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255.  *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.).  *See also  Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal).

### 2.  Failure to Appeal

The Defendant also contends that his attorney failed to appeal his sentence. (ECF No. 29, p. 8).  An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to § 2255 relief. *Barger v. United States*, 204 F.3d 1180, 1181 (8th Cir. 2000).  For such a claim to succeed, however, the client must show that he instructed his counsel to file an appeal. See *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982); *U.S. v. Saucillo*  2007 WL 522228, 3 (N.D.Iowa) (N.D.Iowa,2007).   A bare assertion by the petitioner that he made such a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition. *Id.*

In this instance the Defendant's attorney has provided an Affidavit that the Defendant never requested or instructed him to appeal the sentence.  (ECF No. 30-1).  There is no proof, other than the Defendant's assertion, that any instruction to appeal was given.

The question then becomes whether counsel has a constitutional obligation to consult with his client about an appeal.  Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In

making this determination, courts must take into account all the information counsel knew or should have known. *Roe v. Flores-Ortega*,  528 U.S. 470, 2000.

Counsel's constitutional obligation to consult about an appeal hinges on the Defendant's allegations that there were irregularities in his Sentencing which will be addressed below.

   **3. Sentencing Issues:**

      **a. Plea Agreement:**

The Defendant seems to argue that the Government failed to honor its Plea Agreement b and his attorney was ineffective because he did not know that the "government was bound by contract law to honor the letter plea agreement". (ECF No. 29, p. 4).

Plea agreements are contractual in nature and should be interpreted according to general contractual principles. *See United States v. DeWitt*, 366 F.3d 667, 669 (8th Cir.2004). Due process may be violated if there is a breach of a promise that induced a guilty plea." *United States v. Sanchez*, 508 F.3d 456, 460 (8th Cir.2007) (internal citation omitted). "The party asserting the breach-here, the Defendant-has the burden of establishing a breach." *United States v. Smith*, 429 F.3d 620, 630 (6th Cir.2005).

The Plea Agreement was signed by the Defendant on March 7, 2012 and filed March 12, 2012. (ECF No. 17). The Defendant does not state what part of the Agreement the Government failed to honor.  Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.1986); see also *Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal ..." *Blackledge v. Allison*,

431 U.S. 63, 74 (1977); *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985); see also *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

The Defendant's contention that the Government failed to honor its Plea Agreement is without merit. To the extent the Defendant's other arguments are related to his contention that the Government failed to honor the Plea Agreement they will be addressed separately.

### b. Obstruction of Justice

The Defendant also seems to argue that had his "counsel effectively addressed himself tot he obstruction of justice and plea agreement breach issues the out come of the sentencing proceeding or direct appeal could not have been other than far different". (ECF No. 29, p. 4).

Dubon-Morales received a two-level reduction for safety-valve relief, as well as a three-level reduction for acceptance of responsibility (PSR, ¶¶ 23, 29-30) but he received no adjustment for obstruction of justice (PSR, ¶20).

### c. Role Reduction:

As a result of Plea negotiations Count I (October 13, 2011 delivery of methamphetamine) and Court II (October 18, 2011 delivery of methamphetamine) were dismissed and the Defendant entered a Plea of Guilty on March 16, 2012 to one count of Distribution of Five (5) grams or more of actual Methamphetamine. (ECF No. 17).

The Defendant argues that the court erred by not granting the Defendant a "two-or-four point reduction under 3B1.2" because he was a minimal player.  The Plea Agreement however reflects that on October 3, 2011 the Defendant sold two ounces of methamphetamine to a confidential informant and that when the Defendant was arrested he admitted to two additional

deliveries for a total of 62.7 grams. (ECF No. 17, pp. 2-3).

A minor participant has been defined as one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.3). In the Eighth Circuit, a defendant convicted of a "sole participant" offense may nonetheless be entitled to a reduction in his or her base offense level for a mitigating role pursuant to U.S.S.G. § 3B1.2 if the defendant shows the following: (1) that the "relevant conduct," within the meaning of section 1B1.3(a)(1), for which the defendant would otherwise be accountable involved more than one participant (as defined in section 3B1.1, application note 1); and (2) that the defendant's culpability for such conduct was relatively minor compared to that of the other participant or participants. *United States v. Snoddy*, 139 F.3d 1224, 1231 (8th Cir.1999).

The Defendant obviously did not perform a "limited function" in the criminal act and was not entitled to any downward departure. See United States v. Jones, 145 F.3d 959, 963 (8th Cir.1998) (no role reduction for a less culpable defendant who is "deeply involved" in criminal acts); United States v. Thompson, 60 F.3d 514, 518 (8th Cir.1995) (even a defendant who is less culpable than a co-defendant is not entitled to the minor participant reduction if he or she is "deeply involved" in the criminal acts).

Furthermore, Dubon-Morales' base offense level was determined using only his personal conduct and not that of any other participant or that attributable to an entire conspiracy. When only a defendant's conduct is taken into account, a role reduction is not appropriate. See United States v. McCarthy, 97 F. 3d 1562, 1574 (8th Cir.1996) (same relevant conduct is used to determine base offense level and role in the offense); Snoddy, 139 F.3d at 1231 (same); United *States v. Belitz*, 141 F.3d 815, 819 (8th Cir.1998) (affirming denial of minor role adjustment

where defendant held accountable only for drugs foreseeable to him rather than full amount in conspiracy); *United States v. Lucht,* 18 F.3d 541, 555 (8th Cir.1994) (no minor role reduction where defendants "were allowed to plead guilty to the amount of [drugs] with which they were directly involved and were not held accountable for the total amount of drugs involved in the conspiracy").

### d. Excessive Sentence

The Defendant also contends that his sentence was excessive. (ECF No. 26, p. 8). The Defendant was sentenced on July 27, 2012 to 70 months in the BOP (ECF No. 22, p.2) and placed on supervised release for 2 years (Id., p. 3).

Relief is permitted only if a prisoner demonstrates "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974); see also *United States Gomez*, 326 F.3d 971, 974 (8th Cir.2003) (applying standard); *Auman v. United States*, 67 F.3d 157, 160-61 (8th Cir.1995) ("[O]rdinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim.").

A Presentence Investigation Report (PSR) was prepared on May 17, 2012. The PSR set forth a base offense level of 32 on account of the drug quantities involved. (PSR, ¶ 22). Dubon-Morales received a two-level reduction for safety-valve relief, as well as a three-level reduction for acceptance of responsibility. (PSR, ¶¶ 23, 29-30). Based on the reductions to his base offense level, Dubon-Morales' total offense level was determined to be 27. (PSR, ¶ 31). Dubon-Morales had zero criminal history points which placed established his criminal history category as I. (PSR, ¶ 35). Thus, based on a total offense level of 27 and a criminal history

category of I, Dubon-Morales' guideline imprisonment range was 70 - 87 months imprisonment. (PSR, ¶ 48).

In this instance the court sentenced the Defendant at the Lowest end of the sentencing range established by the PSR.  There is clearly nothing "excessive" about the court's sentence and the Defendant's claim is without merit.

All of the arguments the Defendant has made are meritless. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.*  905 F.2d 218, 219 (C.A.8 (Minn.),1990).   See also *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir.1999) ("An attorney's failure to raise a meritless argument .. cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); *United States v. Flores*, 2006 WL 1649317 ( N.D.Iowa 2006)(Not Reported in F.Supp.2d) ( no ineffective assistance of counsel for counsel withdrawing objection to PSR where PSR was correct).

**B.  New Claim:**

On August 19, 2013 the Defendant filed an Affidavit which attempts to raise a new claim. (ECF No. 32).  The Government made no response to the Affidavit which asserts that the Defendant's attorney represented to him that he would be sentenced to between four and five years. (Id., ¶4).  He also asserts that his attorney at sentencing informed him his sentence would not be over 5 years. (Id., ¶5).

**1.  Timeliness**

A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the

date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Under 2255 where a Petitioner does not file a direct appeal, his conviction became final when the fourteen-day period for filing a notice of appeal expired. *See Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir.2005); *Fed. R.App. P.* 4(b)(1)(A) (setting a 14-day time limit for filing a notice of appeal in a criminal case). In this case Judgment was entered on July 26, 2012 and therefor became final on August 9, 2013.

Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline. *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir.1999); *Grady v. United States,* 269 F.3d 913, 916 (8th Cir.2001).  The Defendant's Affidavit is dated July 30, 2013 and is therefore timely.

**2. Claim**

The Defendant's claim is that his plea was not voluntary because his attorney promised him he would be sentenced to between four and five years.

To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent, and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g., United*

-11-

*States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). At the same time, an accused's

representations during plea-taking, such as those concerning the voluntariness of the plea, carry a

strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

  The Plea Agreement, however, specifically informed the Defendant that the penalty

range for crime was a "maximum term of imprisonment for 40 year" and a "mandatory minimum

term of imprisonment for 5 years". (ECF No. 17, ¶10).  The Plea Agreement also specifically

informed the Defendant that the Sentencing Guidelines were advisory and that the "Court is not

bound by the Guidelines and  may sentence the defendant to any reasonable sentence within the

statutory range." (Id., ¶15).  The Plea Agreement also specifically provided that any discussions

concerning the possible guideline "merely attempt to guess at what appears to be the correct

guideline range and do not bind the district court" and that the "actual range may be greater than

contemplated by the parties." (Id., ¶16).

  The court does not have the transcript from the sentencing hearing and the affidavit

previously provided by the Defendant's attorney is silent on this issue.  The court has, however,

obtained and listened to the audio of the plea proceedings which was as follows:

>   The court advised the Defendant that he must give truthful answers to all
> questions and failure to respond truthfully could result in a charge of perjury.
> After being informed of the charge the Defendant acknowledged that he signed
> the Plea Agreement and that he had an opportunity to read the Plea Agreement,
> have it interpreted, and went over the Plea Agreement and discussed it with his
> attorney.  He testified that he understood the terms of the Plea Agreement. The
> Defendant testified that no one had made any promises or assurances to him to get
> him to plea guilty. The court specifically informed the Defendant that the court
> "may impose a sentence that is more severe than what you think it may be". The
> Defendant testified that no force or threat was used against him to get him to plea
> guilty. The court directed the Defendant to page 6 of the Plea Agreement and read

the Maximum Penalties that could apply to his offense. The Defendant
acknowledged that he had discussed the sentencing guidelines with his attorney.
The court specifically advised the Defendant that the Guidelines were advisory
and was not bound by the Guidelines and that the actual guideline range could be
more severe or less severe than what the Defendant thinks it will be and my be
different than what his attorney thinks it will be. The court also specifically
advised the Defendant of all constitutional rights. A factual basis of the plea was
recited by the Assistant U.S. Attorney.  The Defendant agreed that the
Government could prove those facts if the case went to trial. The Defendant then
entered a plea of guilty.  The court then specifically found that the Defendant's
Plea was aware of the nature of the charge and the consequences of his plea, that
the plea was a knowing and voluntary plea, supported by independent basis in
fact.  The plea was accepted and the Defendant was adjudged guilty.

The rule is clear that a defendant cannot set aside a guilty plea merely because he relied

on his attorney's opinion that the sentence would be a lenient one. *Greathouse v. United States*,

548 F.2d 225, 228 n.6 (8th Cir.), cert. denied, 434 U.S. 838, 98 S.Ct. 130, 54 L.Ed.2d 100

(1977). Where "a defendant is invariably informed that the sentencing decision rests solely in the

discretion of the trial court," *United States v. Goodman*, 590 F.2d 705, 711 (8th Cir.), cert.

denied, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979), and where the defendant states at

the sentencing hearing that he understood the negotiated plea and that there were no promises

other than the plea agreement, *Pennington v. Housewright*, 666 F.2d 329, 332 (8th Cir. 1981),

cert. denied, -- U.S. --, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982), the plea will not be set aside as

involuntary. *Hollis v. U.S.*  687 F.2d 257, 260 (C.A.Mo., 1982).  That the sentencing guidelines

are now merely advisory, and thus less likely to determine the ultimate sentence than when they

were mandatory, only strengthens the force of these precedents. If a guilty plea is knowing and

voluntary notwithstanding counsel's erroneous advice about the sentencing guidelines, we see no

reason why a waiver of rights in a plea agreement would not also be knowing and voluntary

-13-

despite such mistaken guidance. *U.S. v. Quiroga* 554 F.3d 1150, 1155 -1156 (C.A.8 (Iowa),2009).

      The court finds that there is no basis to find that the Defendant's plea was anything other than a knowing and voluntary plea.

C.  Evidentiary Hearing

      Finally, Petitioner does not state grounds sufficient to require an evidentiary hearing. An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v.United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998).  "There is no requirement of a hearing where the claim [s] [are] based solely on vague, conclusory, or palpably incredible allegations or unsupported generalizations." *Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir.), cert. denied, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988). *Sidebottom v. Delo*  46 F.3d 744, 751 (C.A.8 (Mo.),1995)

**C.  Certificate of Appealability:**

      The factors to consider when determining if a certificate of appealabiltiy should be issued are as follows:  1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not

-14-

clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted. Slack, 529 U.S. at 484–85, 120 S.Ct. 1595. *Khaimov v. Crist* 297 F.3d 783, 786 (C.A.8 (Minn.),2002).

For the reasons stated above the court finds no Certificate of Appealability should be issued.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of November 2013.


*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

-15-